Filed 3/28/25  P. v. Millsap CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>PAMELA FAYE MILLSAP,<br><br>     Defendant and Appellant. | A169533<br><br>(Humboldt County<br>Super. Ct. No. CR2000832) |

After appellant Pamela Faye Millsap was convicted of child abuse, the trial court denied her request to dismiss two sentencing enhancements under Penal Code section 1385.[1]  She contends the trial court failed to accord proper weight to statutory mitigating factors.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

I.    *The Shooting*

In early 2020, appellant Pamela Millsap lived with her then-partner, their 10-year-old daughter Jane Doe (Jane), and appellant's 17-year-old son Christopher Millsap (Christopher).[2]  Christopher had a history of verbal and physical violence against appellant, her partner, and appellant's mother.

---

[1] All further statutory references are to the Penal Code.

[2] Because Christopher Millsap shares a last name with appellant, we refer to him by his first name, intending no disrespect.

1

On the evening of February 18, 2020, Christopher arrived home intoxicated. While he and appellant were in the laundry room together, they began to argue about whether a friend of his could come to the house. Christopher yelled, kicked the laundry machine, and threatened to kill appellant.

From her bedroom, Jane saw Christopher walking back toward his own bedroom, then appellant approached him, holding a gun, which was normally kept in appellant's bedroom. Appellant and Christopher argued again. Christopher grabbed the gun in an attempt to pull it away, and the weapon discharged, fatally wounding him. Appellant told police officers who came to the scene that she thought the gun's safety was on.

Appellant testified at trial in her own defense. She explained that as they argued in the laundry room, Christopher threatened to kill her, and she was afraid. She went to her room to retrieve, load, and rack a shotgun before emerging again.[3] She believed retrieving the gun and racking a shell in the chamber would scare Christopher into leaving the house to cool off. Instead, Christopher lunged at appellant and grabbed the barrel of the gun, still threatening to kill her, and the weapon discharged as they struggled. Appellant testified that the safety was on and that she did not intend to fire the weapon.

## II. *Legal Proceedings*

A jury found appellant guilty of two counts of child abuse (§ 273a, subd. (a)), one as to Christopher (count 2) and the other as to Jane (count 3). The jury found true an allegation that appellant personally inflicted great

---

[3] A firearms expert testified that to "rack[]" a shotgun means "to push a button on the firearm to pull the action down in order to load a round into the . . . gun."

2

bodily injury in connection with count 2 (§ 12022.7, subd. (a)) and, as to both counts, allegations that she personally used a firearm (§ 12022.5, subd. (a)). The jury was unable to reach a verdict on a manslaughter charge (count 1), and the trial court dismissed that count.

Before the December 22, 2023 sentencing hearing, appellant submitted a statement in mitigation arguing that several statutory mitigating factors applied to this case, among them that there were multiple enhancements, appellant's crimes were connected to her past struggles with mental illness, and the offenses were connected to her past victimization and childhood trauma. (§ 1385, subds. (c)(2)(B), (D), (E).) She also submitted a psychological report that described her childhood trauma and mental illness, and included a professional opinion linking these factors to the offenses. Her counsel reiterated these arguments at the sentencing hearing, urging that under section 1385, only one enhancement should be imposed and the court should consider striking the enhancements due to appellant's mental health problems and the other issues raised in the statement in mitigation.

The trial court accepted appellant's arguments only in part. The court struck the deadly weapon enhancement (§ 12022.5) as to count 3, the crime against Jane, "based on the fact that it was one firearm that was used, based on the factors that counsel asked me to consider, including the fact she had suffered abuse in her own life and that she suffers from mental illness and is [a regional center] client." As to count 2, the crime against Christopher, however, the court declined to dismiss the deadly weapon and great bodily injury enhancements. That "would not be in [the] interest of justice," the court explained, even "giving weight to the fact that there would be more than one special allegation. They really target two different behaviors, and both of them were serious to the extreme in this case. One is the amount of

3

injury caused, and the other is the unlawful and unjustifiable use of a firearm in a verbal argument."

The court imposed a sentence of nine years and four months in prison: the low term of two years on count 2, a consecutive 16 months on count three, and consecutive low terms of three years on each of the two enhancements associated with count 2. This timely appeal ensued.

## DISCUSSION

Appellant argues that the trial court abused its discretion by failing to assign "great weight" to the fact that there were multiple enhancements and that the offenses were connected to her mental illness and childhood trauma, as required by section 1385, subdivision (c)(2). There is no dispute that these mitigating factors were present in this case: three enhancements were alleged, and the trial court found that appellant's mental illness, past trauma, and abuse were "contributing factor[s] in the commission of the offense," invoking section 1170, subdivision (b)(6) to explain its choice of the low term in the triad as the base term. (§ 1170, subd. (b)(6).) The dispute centers on whether the trial court adequately considered these mitigating circumstances.

Section 1385 grants trial courts the discretion to dismiss a sentencing enhancement "in the furtherance of justice." (§ 1385, subds. (a), (b).) Effective January 1, 2022, Senate Bill No. 81 added subdivision (c) to this statute, which mandates that "[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so," unless prohibited by an initiative statute. (§ 1385, subd. (c)(1); Stats. 2021, ch. 721, § 1.)

When the trial court exercises its discretion in this regard, it must "consider and afford great weight to evidence offered by the defendant" that

4

demonstrates the presence of one or more of the enumerated statutory mitigating factors.  (§ 1385, subd. (c)(2).)  One such mitigating factor is that "[m]ultiple enhancements are alleged in a single case," in which case "all enhancements beyond a single enhancement shall be dismissed."  (§ 1385, subd. (c)(2)(B).)  Other factors include whether the current offense was connected to mental illness, prior victimization, or childhood trauma. (§ 1385, subds. (c)(2)(D), (E).)  The statutory amendments apply to all sentencings occurring after January 1, 2022.  (§ 1385, subd. (c)(7).)

Our high court recently considered the effect of these amendments. Specifically, it resolved a split of authority as to whether Senate Bill No. 81's " 'great weight' " language created a rebuttable presumption requiring a court to dismiss an enhancement unless it finds that dismissal would endanger public safety.  (*People v. Walker* (2024) 16 Cal.5th 1024, 1028-1029 (*Walker*).) In the case on review, the lower court had concluded there was such a rebuttable presumption.  (*Id.* at p. 1028.)  This result was at odds with a case from another appellate district, which held that section 1385, subdivision (c)(2) does not prevent a trial court from relying on aggravating factors other than public safety to uphold an enhancement in the face of mitigating circumstances.  (*Walker*, at pp. 1028–1029, citing *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098 (*Ortiz*).)

Our high court sided with *Ortiz* in this debate. It concluded the plain language of section 1385, subdivision (c)(2) does not create a rebuttable presumption that favors dismissal of enhancements, absent a finding that dismissal would endanger public safety.  (*Walker*, *supra*, 16 Cal.5th at pp. 1033-1034.)  Instead, the Court explained that, while mitigating factors will generally result in the dismissal of sentencing enhancements, a trial court retains the right to refuse dismissal if it "finds substantial, credible

evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Id*. at p. 1029, quoting *Ortiz*, at p. 1098.) Consistent with the result in *Ortiz*, the court concluded that a sentencing court must " 'engage[] in a holistic balancing with *special emphasis* on the enumerated mitigating factors,' " which "weigh 'strongly in favor of . . . dismissal.' " (*Walker*, at p. 1036, quoting *Ortiz*, at p. 1096.) Though mitigating circumstances may weigh heavily in favor of dismissal, courts must ultimately determine whether dismissal is in furtherance of justice. (*Walker, supra,* 16 Cal.5th at p. 1036.)

Appellant points out the trial court lacked the benefit of the Supreme Court's clarification provided by *Walker, supra,* 16 Cal.5th 1024, which was decided after her trial, and she argues the court's decision suggests it did not apply the correct legal standards. In particular, she contends the court did not assign "significant value" to enumerated mitigating circumstances, as required by *Walker*. (*Id*. at p. 1038.) And, she notes, *Walker* teaches that the presence of statutory mitigators will generally result in their dismissal unless the court finds "substantial, credible evidence of countervailing factors" that " 'neutralize' " the great weight afforded to these mitigators. (*Id*. p. 1036.)

Appellant contends the trial court's ruling did not meet these standards. Instead, she argues, the trial court assigned "great weight" to the statement in mitigation only in deciding to impose the low term, but not in deciding whether to strike the enhancements. She thus argues that the trial court's reasoning is insufficient to satisfy the requirements of the *Walker* framework. As a result, she urges us to remand the matter for the trial court

6

to reconsider its sentencing decision in light of the guidance our high court has provided in *Walker*.[4]

We are unpersuaded either that the trial court misunderstood its sentencing discretion or that remand is necessary. The record shows that the trial court was aware of the statutory mitigating factors in appellant's background, and as a result it dismissed the sentencing enhancement as to the crime against Jane. Nevertheless, it found that in light of appellant's use of a firearm during what was merely a verbal argument and the fact that her actions resulted in Christopher's death, it would not be in the interest of justice to dismiss the enhancements related to count 2. In so doing, the court expressly acknowledged it was according "weight" to the fact that there was more than one enhancement. And while it did not characterize the amount of that weight, nor repeat this phrase in discussing the other mitigating factors, we see nothing in the trial court's sentencing decision that is inconsistent with our high court's decision in *Walker*, or that suggests it either misunderstood the legal principles governing its exercise of discretion or failed appropriately to consider the statutory mitigating factors. (See *People v. Czirban* (2021) 67 Cal.App.5th 1073, 1097 [trial court is presumed to be aware of and follow law].)

Appellant has shown no abuse of discretion in the trial court's ruling. Accordingly, we must reject appellant's request for a remand.

## DISPOSITION

The judgment is affirmed.

---

[4] In her opening brief, appellant also argued that Senate Bill No. 81 created a rebuttable presumption requiring dismissal of her enhancements. However, in light of *Walker*, she concedes that this argument is now foreclosed.

                              TUCHER, P.J.

WE CONCUR:

PETROU, J.
RODRÍGUEZ, J.




*People v. Millsap* (A169533)